FILED

**NOT FOR PUBLICATION**

OCT 25 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LARRY J. WADSWORTH and
SHERILYN WADSWORTH,

Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent.

No. 08-74956

Tax Ct. No. 10823-05

MEMORANDUM*

Appeal from a Decision of the
United States Tax Court

Argued and Submitted October 5, 2010
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.**

Larry and Sherilyn Wadsworth ("Petitioners") filed amended individual

income tax returns for 2001 and 2002 resulting in tax refunds exceeding $200,000.

After auditing Petitioners, the Commissioner of Internal Revenue

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

("Commissioner") determined tax deficiencies for 2001 and 2002 in amounts identical to Petitioners' claimed tax refunds and assessed accuracy-related penalties under I.R.C. § 6662 for substantial understatements of income tax. At trial, Petitioners conceded the tax deficiencies but contested the penalties. The tax court found Petitioners liable for accuracy-related penalties and Petitioners now appeal to this court. We affirm.

Petitioners raise seven main arguments on appeal. First, Petitioners argue the Commissioner failed to present any evidence at trial establishing that Petitioners underpaid their income tax. We reject this argument because Petitioners conceded their tax liability at trial. Even assuming Petitioners did not concede their tax liability, the record amply supports the conclusion that Petitioners claimed and received tax refunds they were not entitled to. Because these refunds led to underpayments attributable to substantial understatements of income tax, the tax court properly assessed accuracy-related penalties. *See* I.R.C. §§ 6662, 6664.

Second, Petitioners argue I.R.C. § 6662 does not apply to them because their substantial tax understatements arose from claims for refunds rather than tax returns. We reject this argument because the relevant tax forms filed by Petitioners were amended individual tax returns. An amended tax return is still a tax return

2

even though it results in a refund. *Cf. Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180 (1934) (stating that "a second return, reporting an additional tax, is an amendment or supplement to a return already upon the files").

Third, Petitioners argue I.R.C. § 6676 is the proper statutory authority for imposing penalties in this case. We disagree. Because Petitioners made substantial tax understatements on their amended tax returns that resulted in tax underpayments, the Commissioner properly assessed penalties under I.R.C. § 6662.

Fourth, Petitioners argue they reasonably relied on the advice of their attorney in amending their returns. Thus, Petitioners claim they are not liable for penalties because they acted with reasonable cause and in good faith. *See* I.R.C. § 6664(c)(1); Treas. Reg. § 1.6664-4. We review for clear error the tax court's determination of whether a taxpayer acted with reasonable cause and in good faith. *Hansen v. Comm'r*, 471 F.3d 1021, 1029-32 (9th Cir. 2006). Because Petitioners' longtime tax preparer advised Petitioners against amending their returns and because Petitioners introduced no evidence at trial to explain why they chose to disregard their tax preparer's advice, the tax court's determination was not clearly erroneous. *Cf. Hansen*, 471 F.3d at 1030 ("We have consistently held that given similar warning signals, investors must undertake adequate investigations at the time of investment to avoid [an accuracy-related] penalty.").

3

Fifth, Petitioners argue they should not be subject to penalties because they adequately disclosed their tax position. Under I.R.C. § 6662(d)(2)(B), no accuracy-related penalty may be imposed for a substantial understatement when (1) the taxpayer adequately discloses the relevant facts affecting the item's tax treatment; and (2) there is a reasonable basis for the tax treatment of that item. Because Petitioners argue only that they made adequate disclosure and do not challenge the tax court's finding that there was no reasonable basis for their tax position, Petitioners cannot prevail on this ground.

Sixth, Petitioners argue the Commissioner's notice of deficiency was invalid and deprived the tax court of jurisdiction because the notice did not indicate the basis for the tax due and for the assessed penalties. We hold the notice of deficiency was jurisdictionally valid because it (1) indicated that the Commissioner actually determined a deficiency; and (2) specified the amount and the year of the deficiency. *See Scar v. Comm'r*, 814 F.2d 1363, 1367 (9th Cir. 1987).

Seventh, Petitioners raise several issues related to the Tax Equity and Fiscal Responsibility Act ("TEFRA"). Because these issues were merely listed in Petitioners' opening brief and were neither discussed nor supported by citations to authority until Petitioners' reply brief, they have been waived. *See Rattlesnake*

4

*Coal. v. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007) ("Issues raised in an opening brief but not supported by argument are considered abandoned.").

We have considered all other arguments raised by Petitioners in their briefs and we find them to be without merit.

**AFFIRMED.**